IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**UNITED STATES OF AMERICA,**

       Plaintiff,

v.

**ANTHONY ROBERT ANDREOTTI,**

       Defendant.

No. 6:20-mj-00212-MK-1

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Motion for Release from Custody filed by Defendant Anthony Robert Andreotti. ECF No. 40. Mr. Andreotti is charged by complaint with Conspiracy to Possess with Intent to Distribute and Possession with Intent to Distribute 500 Grams or More of a Mixture Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. ECF No. 1.

    Mr. Andreotti appeared before Magistrate Judge Mustafa Kasubhai on September 18, 2020 and was ordered detained. ECF Nos. 11, 12. On November 17, 2020, Mr. Andreotti filed a motion for release from custody, which was denied without prejudice by Judge Kasubhai at a hearing held on November 18, 2020. ECF Nos. 21, 23. Mr. Andreotti filed the present motion requesting

review of Judge Kasubhai's detention order on March 22, 2021. ECF Nos. 40, 41. The Court heard oral argument on April 7, 2021.

Review of a magistrate judge's release or detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Bail Reform Act ("BRA") governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The BRA mandates the release of a person pending trial unless the court "finds no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id.*

The parties agree that, in this case, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Although the presumption shifts the burden of production to the defendant, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

If a defendant proffers evidence to rebut the presumption in favor of detention, a court can then consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal

conduct, and history relating to drug or alcohol abuse, and record concerning appearances at court proceedings; and (4) the nature and seriousness of the danger to any person of the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086. The presumption is not erased when a defendant proffers evidence to rebut it. Instead, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (internal quotation marks and citation omitted).

As noted above, the rebuttable presumption in favor of detention applies in this case. The Court finds that Mr. Andreotti has proffered evidence to rebut the presumption, although the presumption remains a factor to be considered in the release analysis.

Although the offense conduct alleged against Mr. Andreotti is serious, the Court found Mr. Andreotti's testimony concerning his desire to engage with services and participate in substance abuse and mental health treatment credible. Accordingly, the Court finds that the Government has not carried its burden of showing by clear and convincing evidence that Mr. Andreotti presents a danger to the community. The Court also finds that the Government has not shown by a preponderance of the evidence that there is no combination of conditions which would ensure Mr. Andreotti's appearance at future proceedings.

Defendants' Motion, ECF No. 40, is GRANTED. Mr. Andreotti shall be released from custody to the Northwest Residential Reentry Center in Portland, Oregon once a bed becomes available and he has received a negative COVID-19 test result. While on pretrial release, Mr. Andreotti shall be subject to GPS monitoring. Mr. Andreotti is further ordered to participate in an intensive outpatient substance abuse program with components of trauma-influenced care or with

experience in treating post-traumatic stress disorder. A separate Order will be issued detailing all conditions of release.

The parties are to notify the Court once Mr. Andreotti has been released to the NRRC and the Court will set monthly status conferences in this matter to monitor Mr. Andreotti's compliance and services. Mr. Andreotti is reminded that, should he fail to follow the terms of his supervised release or commit a new law violation, he could face new charges, as well as a revocation of release and a return to custody.

It is so ORDERED and DATED this  8th   day of April 2021.

                                   /s/Ann Aiken
                                   ANN AIKEN
                                   United States District Judge